United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20563
Summary Calendar
_____

ERNEST TROY WOODALL,

Plaintiff-Appellant,

versus

STATE OF TEXAS; D. SLAYTER, Family Court Reporter;
JOHN PEARY, Judge,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-1401
---------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ernest Troy Woodall ("Woodall") appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous for failure to state a claim. Woodall argues that the defendants entered a divorce decree while he was incarcerated which resulted in the loss of his business and his real estate.

A dismissal for failure to state a claim will be "upheld only if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations."

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>McGrew v. Texas Bd. of Pardons & Paroles</u>, 47 F.3d 158, 160 (5th Cir. 1995)(internal quotation marks and citation omitted). Judges enjoy absolute judicial immunity for judicial acts performed in judicial proceedings. <u>Mays v. Sudderth</u>, 97 F.3d 107, 110-11 (5th Cir. 1996). Official court reporters are entitled to qualified immunity under 42 U.S.C. § 1983 if they acted pursuant to their lawful authority and following in good faith the instructions or rules of the Court. <u>See</u> <u>Rheuark v. Shaw</u>, 628 F.2d 297, 305 (5th Cir. 1980). Because Woodall did not allege that the defendants acted outside of the scope of their official duties, the district court did not err in determining that they were entitled to immunity. Furthermore, Woodall has not shown that the State of Texas is not entitled to immunity. <u>See</u> <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 97-99 (1984).

Woodall was previously warned that if he continued to file frivolous appeals, this court would issue sanctions. <u>See</u> <u>Woodall v. State of Texas</u>, No. 03-41134 (5th Cir. Sept. 3, 2003). Because this court has previously warned of sanctions and Woodall's appeal is frivolous, we determine that sanctions are warranted. <u>See</u> <u>Coghlan v. Starkey</u>, 852 F.2d 806, 808 (5th Cir. 1988)(courts of appeals have the ability to impose sanctions sua sponte).

This appeal is without arguable merit and is DISMISSED as frivolous. Woodall is hereby ORDERED to pay $250.00 to the clerk of this court. Until the sanction is paid, Woodall is barred from filing any <u>pro</u> <u>se</u> civil appeal in this court, or any initial civil

2

pleading in any court which is subject to this court's jurisdiction. The clerk of this court or any district court in this circuit is directed to return any attempted submissions which do not comply with the court's order, unfiled, to Woodall.

APPEAL DISMISSED; SANCTIONS IMPOSED.