United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 31, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10915
Summary Calendar
_____

ERIC GANT,

                                        Plaintiff-Appellant,

versus

LOCKHEED MARTIN CORPORATION,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-2782-L
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Eric Gant, pro se and in forma pauperis, appeals from the 28
U.S.C. § 1915(e)(2)(B)(i) dismissal of his civil complaint as
frivolous.  Gant challenges the district court's dismissal of his
42 U.S.C. § 1983 claims and also challenges the district court's
dismissal of his 18 U.S.C. § 2512 claim.  Gant's motion to file a
reply brief out-of-time is GRANTED.

    Gant has abandoned the issue of the district court's
dismissal of his state-law claims by failing to brief the issue
on appeal.  See Brinkmann v. Dallas County Deputy Sheriff Abner,

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

813 F.2d 744, 748 (5th Cir. 1987); see Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

We review a dismissal of a complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion. See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). A district court may dismiss an IFP complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) if it lacks an arguable basis in law or fact. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

The district court did not abuse its discretion in dismissing Gant's 42 U.S.C. § 1983 claims against Lockheed Martin Corporation ("Lockheed") based on Gant's allegations failing to satisfy the requirement that Lockheed was a state actor acting under color of state law. See generally Ballard v. Wall, 413 F.3d 510, 518 (5th Cir. 2005). Nor did the district court abuse its discretion in dismissing as frivolous Gant's 18 U.S.C. § 2512 claim. Even if a private right of action exists under 18 U.S.C. § 2512, an issue we do not herein decide, Gant's complaint did not allege that Lockheed knew or had reason to know that the purportedly defective transponders were designed in such a way as to render them "primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications." See 18 U.S.C. § 2512.

Gant was previously warned that if he continued to file frivolous appeals, this court would issue sanctions. Gant v. Texas, No. 04-10757, slip op. at 2 (5th Cir. Feb. 23, 2005)

(unpublished). Because this court has previously warned of sanctions and Gant's appeal is frivolous, we determine that sanctions are warranted. See Coghlan v. Starkey, 852 F.2d 806, 808 (5th Cir. 1988)(courts of appeals have the ability to impose sanctions sua sponte).

This appeal is without arguable merit and is DISMISSED as frivolous. 5th CIR. R. 42.2. Gant is hereby ORDERED to pay $100.00 to the clerk of this court. The clerk of this court and the clerks of all courts subject to the jurisdiction of this court are directed to return to Gant unfiled any submissions he should make until the sanction is paid in full.

MOTION TO FILE REPLY BRIEF OUT-OF-TIME GRANTED; APPEAL DISMISSED; SANCTIONS IMPOSED.