**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51081
Summary Calendar
_____


JOHN T. FLEMING,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA; ET AL.,

Defendants,

LEIF M. CLARK; NANCY RATCHFORD; KEVIN EPSTEIN;
RICHARD SIMMONS; HENRY HOBBS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CV-641
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Texas attorney John T. Fleming, appearing pro se, filed suit

in Texas state court against numerous individuals, including United

States Bankruptcy Judge Leif M. Clark and several United States

Bankruptcy Trustees, including Nancy Ratchford, Kevin Epstein,

Richard Simmons, and Henry Hobbs (the federal defendants).

Fleming's suit arises primarily out of an order issued by Judge

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Clark that purported to disbar Fleming from practice in the Bankruptcy Court for the Western District of Texas and prohibited Chapter 13 bankruptcy trustees from distributing attorneys' fees to Fleming in cases in which he represented debtors.[1] The suit also named additional defendants, including three of Fleming's clients.

The federal defendants removed the case to the Western District of Texas and subsequently filed a notice substituting the United States as a defendant, pursuant to the Federal Tort Claims Act (FTCA), as amended by the Westfall Act, 28 U.S.C. § 2679. The Westfall Act provides individual federal employees with immunity from certain tort claims and allows substitution of the United States as a defendant upon certification by the Attorney General or his designee that the employees were in the scope of their employment at the time of the tortious conduct. See 28 U.S.C. § 2679(b); Rodriquez v. Sarabyn, 129 F.3d 760, 764 (5th Cir. 1997). In accordance with the authority granted by 28 C.F.R. § 15.4, the Chief of the Civil Division for the Western District of Texas certified that the federal defendants were at all relevant times acting within the scope of their federal employment. Over Fleming's objection, the district court entered an order substituting the United States as a defendant in place of the federal defendants and dismissing all claims against the federal

---

[1] Judge Clark's order was vacated and remanded, for lack of authority, by the district court on July 19, 2004. See In re Luna, No. 03-50956, 2004 WL 1618824 (W.D. Tex. July 19, 2004).

2

defendants.  Fleming seeks to appeal that order.

This court directed the parties to brief whether the district court's order is appealable.  For the following reasons, we conclude that it is not, and we dismiss the appeal for lack of jurisdiction.

This court is a court of limited jurisdiction, with authority to hear appeals only from "final decisions" under 28 U.S.C. § 1291, interlocutory decisions under 28 U.S.C. § 1292, nonfinal judgments certified as final under FED. R. CIV. P. 54(b), or some other nonfinal order or judgment to which an exception applies. Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc., 170 F.3d 536, 538 (5th Cir. 1999); see also Dardar v. Lafourche Realty Co., 849 F.2d 955, 957 (5th Cir. 1988).  An order is final and appealable when it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.  United States v. Garner, 749 F.2d 281, 285 (5th Cir. 1985) (internal quotation marks and citation omitted).  A dismissal of claims against some, but not all, parties is not a final appealable judgment unless, pursuant to FED. R. CIV. P. 54(b), the district court determines that there is no just reason for delay and directs entry of judgment.  See FED. R. CIV. P. 54(b); Tower v. Moss, 625 F.2d 1161, 1164 (5th Cir. 1980) (absent certification under Rule 54(b), an order that adjudicates the rights and liabilities of fewer than all parties is not a final appealable order).

The substitution order did not constitute a final order for

purposes of 28 U.S.C. § 1291. Although the order had the effect of dismissing claims against the individual federal defendants, it left intact Fleming's claims against the United States and the remaining individual defendants. In addition, the district court did not indicate any intent to certify the order as final for purposes of Rule 54(b). Accordingly, the order was not final and appealable. See Dillon v. Miss. Military Dep't, 23 F.3d 915, 917-19 (5th Cir. 1994).

There is no other statutory basis for appellate jurisdiction. The district court's order does not fall within any of the appealable interlocutory orders set forth in 28 U.S.C. § 1292(a), nor did the district court certify the order for immediate appeal under the grounds set forth in 28 U.S.C. § 1292(b).

Fleming contends that the order is appealable under the collateral order doctrine. The collateral order doctrine is a jurisprudential exception to the final judgment rule, allowing appeal of a non-final order if (1) the order conclusively determines the issue in dispute, (2) the order resolves an important issue completely separate from the merits, and (3) the order is effectively unreviewable on appeal from a final judgment. In re Grand Jury Proceedings, 43 F.3d 966, 969 (5th Cir. 1994). All three requirements of the doctrine must be met, and "failure of any one results in failure of jurisdiction." Garner, 749 F.2d at 287.

Although we have not had occasion previously to address the

4

collateral order doctrine in the specific context of an order granting substitution of the United States under the Westfall Act, we are not without guidance in this area. In <u>Sarabyn</u>, the district court had denied the defendants' motions for certification because it found that the government officials were not acting within the scope of their employment for FTCA purposes. <u>Sarabyn</u>, 129 F.3d at 762. We treated the denial of certification as a denial of immunity to government employees, which is reviewable under the collateral order doctrine. <u>Id.</u> at 764; <u>see</u> <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 524-30 (1985) (denials of immunity are reviewable under the collateral order doctrine because the defendant's immunity is effectively lost if the case is allowed to proceed to trial).

Unlike a denial of immunity to a government employee, an order granting immunity is not effectively unreviewable on appeal from a final judgment; therefore, such an order does not fall within the collateral order doctrine. <u>See</u> <u>Burge v. Parish of St. Tammany</u>, 187 F.3d 452, 467-68 (5th Cir. 1999); <u>Thompson v. Betts</u>, 754 F.2d 1243, 1246 (5th Cir. 1985). Employing that rationale in <u>Kassuelke v. Alliant Techsystems, Inc.</u>, 223 F.3d 929, 930-31 (8th Cir. 2000), the Eighth Circuit held that an order substituting the United States in place of individual defendants constituted an order granting immunity, which was not immediately appealable under the collateral order doctrine. <u>See</u> <u>also</u> <u>Maron v. United States</u>, 126 F.3d 317, 321 n.4 (4th Cir. 1997).

5

Kassuelke is persuasive and consistent with this court's precedent. Just as the order denying Westfall Act certification in Sarabyn constituted a denial of immunity, the district court's order in this case allowing substitution of the United States effectively granted immunity to the individual defendants. Just as orders granting immunity are not effectively unreviewable on appeal from a final judgment, the district court's order substituting the United States as a defendant in place of the individual federal defendants is not appealable under the collateral order doctrine. Similarly, no other exception to the final judgment rule allowing immediate appeal of "effectively unreviewable" orders is applicable. See Garner, 749 F.2d at 290 & n.11.

Based on the foregoing analysis, we lack jurisdiction over Fleming's appeal and cannot review Fleming's numerous allegations against Judge Clark.[2]

As a final matter, it is necessary to address the inflammatory tone and content of Fleming's arguments to this court, which overstep the bounds of professional conduct and zealous advocacy.

Fleming is a licensed attorney who has a professional obligation to uphold the dignity of the judicial system and to "temper his criticisms in accordance with professional standards of conduct." Travelers Ins. Co. v. Liljeberg Enters., Inc., 38 F.3d

---

[2] Fleming has apparently not pursued the procedures for filing a judicial misconduct complaint pursuant to this court's rules governing such complaints.

6

1404, 1409 n.6 (5th Cir. 1994).  That he is proceeding pro se does not give him carte blanche to employ intemperate and abusive language or to engage in ad hominem attacks on federal judges.  <u>See</u> <u>Theriault v. Silber</u>, 579 F.2d 302, 303 (5th Cir. 1978). Accordingly, we caution Fleming that any similar conduct in the future will invite the imposition of sanctions available to this court.

**APPEAL DISMISSED; SANCTIONS WARNING GIVEN.**