United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10036
Summary Calendar

_____

ERIC GANT,

                                        Plaintiff-Appellant,

versus

ANTHONY PRINCIPI, SECRETARY, DEPARTMENT OF VETERAN'S
AFFAIRS; DR. F. O'GRIOFA, Medical Doctor; DR. A. HUSSAIN,
Medical Doctor; SHERRY HILL, Fort Worth Criminal Court
Room 1; ESQUIRE KENNETH WAYNE MULLEN; ESQUIRE CAREY
GEESFNEGHT, Assistant District Attorney; UNKNOWN
DEFENDANTS; UNITED STATES OF AMERICA,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-1209-BD-R
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Eric Gant, pro se, moves to proceed in forma pauperis (IFP)

from the district court's grant of summary judgment for the

defendants in this <u>Bivens</u>[**] action.  By moving to proceed IFP,

Gant is challenging the district court's certification that he

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

     [**] <u>See</u> <u>Bivens v. Six Unknown Named Agents of Federal Bureau
of Narcotics</u>, 403 U.S. 388 (1971).

should not be granted IFP status because his appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).

This court reviews a district court's grant of summary judgment de novo.  Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992).  Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991) (internal quotations and citation omitted); FED. R. CIV. P. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); FED. R. CIV. P. 56(e).  The nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).

Gant has not identified a nonfrivolous issue for appeal with respect to 1) the district court's grant of summary judgment for Principi, Secretary of the Department of Veterans Affairs, on grounds of sovereign immunity; 2) the district court's grant of summary judgment for Dr. Hussain and Dr. O'Griofa on Gant's claims that they violated his constitutional rights by diagnosing

him without due process and disseminating his medical records to third parties; 3) the district court's grant of summary judgment for the defendants on Gant's 42 U.S.C. § 1985 claims; 4) the district court's grant of summary judgment for the defendants on Gant's § 1981 claims; 5) the district court's grant of summary judgment for Judge Hill, Mullen, and Geesfneght on Gant's claim that they disclosed the nature of his illness in court documents; and 6) the district court's denial of Gant's request for sanctions.

Gant's request to proceed IFP in this court is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. We have previously sanctioned Gant for the filing of frivolous appeals, ordering him to pay $100 to the clerk of this court and ordering the clerk to return to Gant unfiled any submissions he should make until the sanction is paid in full, and Gant has not paid the sanction. Gant v. Lockheed Martin Corp., No. 04-10915 (5th Cir. Oct. 31, 2005) (unpublished). Because this appeal was briefed prior to our warning, we decline to sanction Gant again at this time. However, we reiterate our warning. Gant should review all pending appeals to ensure that they are not frivolous.

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.