United States Court of Appeals
Fifth Circuit

**F I L E D**

May 26, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50259

ERIC GANT,

Plaintiff-Appellant,

versus

A.W. RITER, JR.; ROBERT A. ESTRADA, Esquire; WOODY L. HUNT;
CHARLES MILLER; RITA C. CLEMENTS; JUDITH L. CRAVEN, M.D.; CYNDI
TAYLOR KRIER; H. SCOTT CAVEN, JR.; JAMES RICHARD HUFFINES, JR.;
LARRY R. FAULKNER, DR., University of Texas at Austin-President;
WILLIAM C. POWERS, JR., University of Texas at Austin-Dean of Law
School; MONICA K. INGRAM, University of Texas at Austin-Law
School Admissions; OTHER LAW SCHOOLS; UT LAW, University of Texas
at Austin; BOARD OF REGENTS OF THE TEXAS STATE UNIVERSITY SYSTEM,
UT Regents; MARK G. YUDOF, Chancellor, University of Texas at
Austin,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CV-193
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Eric Gant, pro se, moves to proceed in forma pauperis (IFP)
from the district court's dismissal of his civil rights
complaint. By moving to proceed IFP, Gant is challenging the
district court's certification that he should not be granted IFP

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

status because his appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).

Gant has not identified a nonfrivolous issue for appeal with respect to the district court's dismissal of his 42 U.S.C. § 1983 equal protection and due process claims seeking injunctive relief.  To state a claim of racial discrimination under the Equal Protection Clause, the plaintiff "must demonstrate that the governmental official was motivated by intentional discrimination on the basis of race."  Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).  Because Gant set forth mere conclusional allegations of intentional discrimination, the district court did not err in dismissing his equal protection claims for failure to state a claim.  See Kane Enters. v. MacGregor (USA), Inc., 322 F.3d 371, 374 (5th Cir. 2003).  Because Gant failed to identify a constitutionally protected liberty or property interest, the district court did not err in dismissing his due process claim for failure to state a claim.  See Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972).

Gant has abandoned any arguments concerning the district court's dismissal of his claims against the defendants for monetary damages on grounds of sovereign immunity and the district court's dismissal as frivolous of his Title VI claims by failing to adequately brief those issues for appeal.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Gant's request to proceed IFP in this court is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. We have previously sanctioned Gant for the filing of frivolous appeals, ordering him to pay $100 to the clerk of this court and ordering the clerk to return to Gant unfiled any submissions he should make until the sanction is paid in full, and Gant has not paid the sanction. Gant v. Lockheed Martin Corp., No. 04-10915 (5th Cir. Oct. 31, 2005) (unpublished). Because this appeal was briefed prior to our warning, we decline to sanction Gant again at this time. However, we reiterate our warning. Gant should review all pending appeals to ensure that they are not frivolous.

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.