# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2010

No. 09-30182
Summary Calendar

Charles R. Fulbruge III
Clerk

MAUREEN GREENE,

Plaintiff-Appellant

v.

SMILE COMMUNITY ACTION AGENCY; GERALDINE RUSSELL; ST. MARTIN IBERIA LAFAYETTE COMMUNITY ACTION AGENCY; ALVIN WILTZ; ANTHONY WILTZ; ROSALIE SPENCER,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:08-MC-43

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Maureen Greene appeals the district court's denial of her motion to stay. Greene filed the motion seeking permission from the district court to file suit despite the fact that she has been banned from filing any further pleadings in the district court absent authorization from a judge. Greene was originally banned because she continued to file meritless law suits on similar facts.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Over the last twelve years, Greene has brought a variety of civil rights claims against numerous employers – though none has survived to trial on the merits. Indeed, Greene has filed at least ten such suits in federal court and four in state court. The district court said that Greene has "abused judicial process, wasted limited judicial resources and has cost the numerous parties she has sued thousands of dollars in unnecessary attorneys' fees." Likewise, Greene's current appeal has no basis in law or fact.

This is not the first time Greene has appeared before this court. At the conclusion of one of her suits in 2006, we warned Greene that we are authorized to impose penalties for vexatious and frivolous appeals. *Greene v. Fontenot*, 221 F. App'x. 343, 344 (5th Cir. 2007) (per curiam); *see also Coghlan v. Starkey*, 852 F.2d 806, 808 (5th Cir. 1988) (noting that the courts of appeal have authority to compel sanctions *sua sponte*, even where not requested by an adverse party or imposed by the district court). At that time, we chose not to impose a monetary penalty even though it was likely warranted. Given Greene's continued misuse of the courts, we decide that such action is necessary. Even *pro se* litigants do not have "unrestrained license to pursue totally frivolous appeals." *Clark v. Green*, 814 F.2d 221, 223 (5th Cir. 1987).

Accordingly, Greene's appeal is DISMISSED as frivolous and she is ORDERED to PAY a sanction in the amount of $105 to the clerk of this court. The clerk of this court and the clerks of all federal district courts within this Circuit are DIRECTED to refuse to file any *pro se* civil complaint or appeal by Greene unless she submits proof of satisfaction of this penalty. Greene should review any pending appeals to ensure that they are not frivolous. *See Lovell v. Greer*, 250 F.3d 740, *1 (5th Cir. 2001) (unpublished).