# United States Court of Appeals for the Fifth Circuit

———————

No. 23-50744

———————

Ernest Adimora-Nweke,

*Plaintiff—Appellant*,

*versus*

Steven C. McGraw, *Director of Texas Department of Public Safety*; Texas Department of Public Safety; Lynn N. Hughes, *U.S. District Judge, Official Capacity*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-1048

———————————————————————

Before Barksdale, Southwick, and Graves, *Circuit Judges*.

Per Curiam:[*]

The Appellant is a licensed attorney who appeals without separate counsel from the district court's dismissal of his complaint against the Texas Department of Public Safety, its Director, and a federal judge. The district court dismissed his complaint for lack of standing and absolute judicial

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2024

Lyle W. Cayce
Clerk

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

immunity. The district court further admonished the Plaintiff for continuously filing frivolous lawsuits. We DISMISS the appeal as frivolous.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2018, licensed attorney Ernest Adimora-Nweke was arrested on suspicion of driving while intoxicated. *Adimora-Nweke v. McGraw*, No. 4:20-CV-4149, 2021 WL 5711787, at *1 (S.D. Tex. Dec. 2, 2021) ("*Adimora-Nweke I*"). After receiving the Texas Department of Public Safety's ("TDPS") Form DIC-24 that warns of the statutory consequences of refusing to provide a breath or blood sample, Adimora-Nweke refused to provide one. *Id.*; TEX. TRANSP. CODE § 724.015(a).[1] One of these consequences was that Adimora-Nweke's driver's license would be suspended automatically. § 724.015(a)(2). Although Adimora-Nweke's license is no longer suspended and he is permitted to drive, he must pay a $125.00 reinstatement fee to obtain a new driver's license, which may not have been paid. *Adimora-Nweke I*, 2021 WL 5711787, at *1.

Instead of pursuing state administrative remedies, Adimora-Nweke sued Steven A. McCraw, Director of TDPS, and "approximately thirty putative defendants" in state court. *Id.* The defendants removed the case to the United States District Court for the Southern District of Texas. *Id.* In his 125-page complaint, Adimora-Nweke contended that Form DIC-24 is unconstitutional and violates Texas state law because it does not include the warning contained in Section 724.015(a)(6). *Id.* That provision applies to unlicensed residents, which Adimora-Nweke undisputedly was not. *Id.* As a

---

[1] The Texas Legislature amended the Texas Transportation Code in 2021, after the events at issue. *See* 2021 Tex. Sess. Law Serv. Ch. 840, § 2 (S.B. 335). As relevant here, the only difference is that the enumerated provisions of that section are now under subsection (a). *Id.* For example, what was Section 724.015(6) is now Section 724.015(a)(6). We will use the current version.

result, the district court concluded Adimora-Nweke could not have been injured by any failure to warn, and therefore lacked standing to sue. *Id.* Adimora-Nweke made several failed attempts for reconsideration. Eventually, the district court stated any further relief must be sought through an appeal. *Adimora-Nweke v. McGraw*, No. 4:22-CV-765, 2022 WL 2056281, at *1 (S.D. Tex. May 25, 2022) ("*Adimora-Nweke II*").

Instead of appealing, Adimora-Nweke filed a "bill of review" in Texas state court, which "sought in essence to have a state court review and determine the efficacy and enforceability of a judgment and order imposed by [the] federal court." *Id.* at *1–2. After the defendants removed the case, the federal district court explained that state courts have no authority to review federal court decisions and dismissed Adimora-Nweke's claims with prejudice. *Id.* The court also recognized Adimora-Nweke's "extensive history of persistent abuse of the judicial system and bad faith litigation practice in the Southern District." *Id.* at *2. It referred to the denial of his admission to practice before the court, including as a *pro se* litigant, and the revocation of his *pro hac vice* status in previous cases. *Id.*; *see also Aguocha-Ohakweh v. Harris Cnty. Hosp. Dist.*, 731 F. App'x 312, 314 n.1 (5th Cir. 2018). The court therefore warned Adimora-Nweke against future abusive tactics. *Adimora-Nweke II*, 2022 WL 2056281, at *2. Although he filed an appeal, it was dismissed for want of prosecution. *Adimora-Nweke v. McGraw*, No. 22-20269, 2022 WL 17423453 (5th Cir. Aug. 15, 2022) (clerk order).

Adimora-Nweke then filed a mandamus petition in this court. *See In re Ernest Adimora-Nweke*, No. 22-20472 (5th Cir. Jan. 11, 2023) (unpublished order). In that petition, he sought to vacate the district court orders in the cases just discussed, vacate an order from an unrelated case barring him from practicing in the Southern District, and vacate various orders and judgments in state-court proceedings. *Id.* at 2–3. All of this was deemed frivolous. *Id.* at 5. The panel cautioned Adimora-Nweke that future frivolous filings may

result in sanctions, "including monetary sanctions, dismissal, and re-strictions on filing, as well as disciplinary action and referral to appropriate attorney disciplinary authorities." *Id.*

Undeterred, Adimora-Nweke tried again, this time by filing a com-plaint in the United States District Court for the Western District of Texas. *See Adimora-Nweke v. McGraw*, No. 1:23-CV-1048, 2023 WL 6884166, at *1 (W.D. Tex. Oct. 10, 2023) ("*Adimora-Nweke III*"), *adopted*, 2023 WL 6882770 (W.D. Tex. Oct. 18, 2023) ("*Adimora-Nweke IV*"). In addition to reasserting his previously dismissed claims against McCraw and TDPS, Adimora-Nweke added United States District Judge Lynn Hughes, in his of-ficial capacity, as a defendant because he entered the order barring Adimora-Nweke from practicing in the Southern District. *Id.* at *2. The case was re-ferred to a magistrate judge, who screened the complaint under 28 U.S.C. § 1915(e) because Adimora-Nweke requested to proceed *in forma pauperis* ("IFP"). *Id.* at *1. The magistrate judge granted the IFP request but recom-mended dismissing Adimora-Nweke's claims with prejudice because he was "attempting to bring the same twice-dismissed lawsuit in a new court" and any claims against Judge Hughes were barred because of his absolute judicial immunity. *Id.* at *2–3. The district court adopted the magistrate judge's re-port and recommendation and once again admonished Adimora-Nweke for continuing to file frivolous cases. *Adimora-Nweke IV*, 2023 WL 6882770, at *1. Adimora-Nweke now appeals.

## DISCUSSION

Dismissals of IFP complaints as frivolous under Section 1915(e)(2)(B)(i) are reviewed for abuse of discretion. *Carmouche v. Hooper*, 77 F.4th 362, 366 (5th Cir. 2023). An IFP complaint may be dismissed as frivolous "if it lacks 'an arguable basis in law or fact.'" *Id.* (quoting *Denton v. Hernandez*, 504 U.S. 25, 31–32 (1992)). Dismissals for failure to state a

claim on which relief can be granted under Section 1915(e)(2)(B)(ii) are reviewed *de novo*. *Id.* A complaint fails to state a claim "when it lacks sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A district court's dismissal of a complaint for lack of standing is also reviewed *de novo*. *Ordonez Orosco v. Napolitano*, 598 F.3d 222, 225 (5th Cir. 2010).

Although Adimora-Nweke is proceeding *pro se*, he is still a licensed attorney in Texas. Thus, we do not apply the liberal standards afforded to non-attorney *pro se* litigants "because an attorney is presumed to have a knowledge of the legal system and need less protections from the court." *United States ex rel. Holmes v. Northrop Grumman Corp.*, 642 F. App'x 373, 379 n.10 (5th Cir. 2016) (citation omitted). Instead, we hold *pro se* attorneys like Adimora-Nweke to the same stringent standard that normally applies. *See Fleming v. United States*, 162 F. App'x 383, 386 (5th Cir. 2006). Here, as in the past, Adimora-Nweke has fallen woefully short. *See In re Ernest Adimora-Nweke*, No. 22-20472, at 5.

As to standing, Adimora-Nweke appears to argue that denying standing would deprive him of various constitutional protections. He also asserts that he will be harmed if he is forced to wait for an unlicensed resident to be issued Form DIC-24, which purportedly omits the Section 724.015(a)(6) warning for unlicensed drivers.

These arguments lack any "basis in law or fact" and are therefore frivolous. *Carmouche*, 77 F.4th at 366. In order for an Article III court to exercise jurisdiction over his case, Adimora-Nweke must demonstrate that he has standing by showing he has suffered an "injury in fact" that is (1) "concrete and particularized," (2) "fairly . . . traceable to the challenged action of the defendant," and (3) "likely" to be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (quotation marks and

citations omitted). Standing is also claim-specific, meaning that Adimora-Nweke "must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). Here, Adimora-Nweke cannot demonstrate he was injured by any alleged failure to include the Section 724.015(a)(6) warning on Form DIC-24 because that warning did not apply to him; it applies only to *unlicensed* drivers, which Adimora-Nweke was not. *See* Tex. Transp. Code § 724.015(a)(6); *Adimora-Nweke III*, 2023 WL 6884166, at *3. Thus, Adimora-Nweke cannot show that TDPS's practice with respect to Form DIC-24 harmed him based on the deficiency he alleges. *See Warth v. Seldin*, 422 U.S. 490, 508 (1975). As a result, the district court lacked the power to entertain his Form DIC-24 claim under Article III. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 422–23 (2021).

Adimora-Nweke makes two arguments regarding the magistrate judge's handling of his complaint. First, he argues that the district court improperly referred this case to a magistrate judge because he expressly refused to consent. The order referring the case to the magistrate judge did so under 28 U.S.C. § 636(b)(1), which does not require consent of the parties. *See Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002). Second, Adimora-Nweke argues that the magistrate judge was not authorized to screen his complaint under 28 U.S.C. § 1915(e) because he is not a prisoner. The mandatory screening procedures in Section 1915(e), however, apply to prisoners and non-prisoners proceeding IFP alike. *See* 16AA Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 3970, 3970.1 (5th ed.).

As to the district court's dismissal of the claims against Judge Hughes, Adimora-Nweke asserts that judge's order violated various constitutional rights and argues the judge is not absolutely immune from his request for a "*Bivens* injunction," "28 U.S.C. § 1651 *writ* injunction," or "FRCP Rule 60(d) independent action." These arguments have no basis in law. Judge

No. 23-50744

Hughes is absolutely immune from suit because his order barring Adimora-Nweke from practicing in the Southern District was a judicial act that was "not performed in the clear absence of all jurisdiction." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). His arguments for a writ of mandamus are as unavailing now as they were last time. *See In re Ernest Adimora-Nweke*, No. 22-20472, at 4. As to his request for relief from judgment under Federal Rule of Civil Procedure 60(d), Adimora-Nweke has not argued, much less satisfied, any of the requirements for granting such relief. *See Turner v. Pleasant*, 663 F.3d 770, 776 (5th Cir. 2011). Adimora-Nweke's assertions of judicial bias, prejudice, and discrimination are also unsupported and inappropriate. *See Amrhein v. United States*, 740 F. App'x 65, 66–67 (5th Cir. 2018).

We conclude that the district court correctly ruled that Adimora-Nweke lacked standing for his claims regarding Form DIC-24 and that Judge Hughes was absolutely immune from suit. The district court did not abuse its discretion in dismissing Adimora-Nweke's suit as frivolous under Section 1915(e)(2)(B)(i). The district court also did not err in dismissing this suit for failure to state a claim under 1915(e)(2)(B)(ii). To the extent Adimora-Nweke's brief contains additional arguments not already addressed, they are inadequately briefed and are considered abandoned. *Dardar v. Lafourche Realty Co.*, 985 F.2d 824, 831 (5th Cir. 1993).

Our summary of past proceedings in this case supports that Adimora-Nweke has continually ignored his obligations as counsel, pursued claims that have been definitively resolved against him, and brought frivolous arguments such as in the current appeal. Adimora-Nweke earlier received a warning from this court that future frivolous filings may result in sanctions, "including monetary sanctions, dismissal, and restrictions on filing, as well as disciplinary action and referral to appropriate attorney disciplinary authorities." *In re Ernest Adimora-Nweke*, No. 22-20472, at 5.

No. 23-50744

Our warnings and district court sanctions have not deterred Adimora-Nweke's continued bad-faith litigation and abuse of the judicial system. Consequently, we hereby impose a monetary sanction of $1,000 on Adimora-Nweke, and he is barred from filing any pleadings in this court or any court in Texas subject to this court's jurisdiction until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such pleadings. This is consistent with our practice towards vexatious *pro se* litigants who have been previously warned and sanctioned. *See Whitfield v. Tex. Child. Mem'l Hermann Hosp.*, No. 19-20292, 2020 WL 6301372, at *2 (5th Cir. Oct. 27, 2020); *Greene v. Smile Cmty. Action Agency*, 359 F. App'x 516, 517 (5th Cir. 2010); *Gant v. Lockheed Martin Corp.*, 152 F. App'x 396, 397 (5th Cir. 2005); *Woodall v. Texas*, 78 F. App'x 953, 954 (5th Cir. 2003); *Lovell v. Greer*, 250 F.3d 740, 740 (5th Cir. 2001) (unpublished); *see also Coghlan v. Starkey*, 852 F.2d 806, 808 (5th Cir. 1988) (explaining this court has authority to impose sanctions *sua sponte*). We further find that sanctions are especially appropriate in this case because Adimora-Nweke is no ordinary *pro se* litigant; he is a licensed attorney subject to the same stringent standards of professional conduct as any other attorney. *See Fleming*, 162 F. App'x at 386.

Adimora-Nweke's appeal is DISMISSED as frivolous. He is OR-DERED to PAY a sanction of $1,000 to the clerk of this court. The clerk of this court and the clerks of all courts in Texas subject to the jurisdiction of this court are DIRECTED to refuse to file any civil complaint or appeal by Adimora-Nweke unless he submits proof of satisfaction of this penalty, or unless he first obtains leave of the court in which he seeks to file such pleadings. Adimora-Nweke is further WARNED that the filing of future frivolous, repetitive, or otherwise abusive pleadings in this court or any court in Texas subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions. Appeal DISMISSED as frivolous; sanctions IMPOSED; additional sanctions warning ISSUED.

8