# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-3832

_____

Gregory T. Kassuelke,

        Appellant,

v.

Alliant Techsystems, Inc., a Delaware Corporation; David Fisher; United States of America, substituted for John Lutz,

        Appellees.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States District Court for the District of Minnesota.

_____

Submitted: June 12, 2000
   Filed:   September 19, 2000

_____

Before HANSEN and HEANEY, Circuit Judges, and MILLS,[1] District Judge.

_____

HANSEN, Circuit Judge.

_____

[1]The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Gregory Kassuelke attempts to appeal the district court's[2] grant of the United States' motion for an order substituting it as a defendant in this case. We dismiss the appeal for lack of appellate jurisdiction.

I.

Kassuelke was employed as an engineer with Alliant Techsystems, Inc. (Alliant), a company that manufactures military munitions for the United States government, as well as other countries. Prior to the termination of his employment in 1998, Kassuelke had been assigned to a specific development program under a United States government contract supervised by government employee, John Lutz. Kassuelke felt that Lutz bore personal animosity toward him and was responsible for his termination.

Kassuelke filed a civil complaint in Minnesota state district court against Alliant, David Fisher (Alliant's program manager), and John Lutz (the government employee). The claims against Lutz are the only claims relevant to this appeal. Kassuelke asserted claims of reprisal discrimination and intentional interference with contractual relations against Lutz.

Lutz removed the case to federal district court, and the United States moved for an order substituting itself as a defendant. The United States attorney certified that Lutz had been acting within the scope of his employment at the time of the alleged incident. See 28 U.S.C. § 2679(d). Kassuelke opposed the substitution motion, asserting that Lutz had acted out of personal animosity and not within the scope of his employment with the government.

_____

[2]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

2

The district court granted the United States' motion to substitute itself as a defendant.  By letter, Kassuelke asked the court for permission to file a motion to reconsider and to grant an evidentiary hearing.  The district court denied the letter request for reconsideration of the substitution order, concluding that no evidentiary hearing was necessary because Kassuelke did not initially request a hearing but chose to rely only on general allegations in the complaint to oppose the motion.  Kassuelke appeals, asserting that Lutz's actions were not within the scope of his employment and there is therefore no basis for substituting the United States as a defendant.

II.

Before addressing the merits of Kassuelke's argument, we must determine whether we have jurisdiction to entertain this interlocutory appeal.

> We have jurisdiction over final orders and certain types of interlocutory orders.  See 28 U.S.C. §§ 1291, 1292.  In general, a pretrial order dismissing less than all of a plaintiff's claims is interlocutory and cannot be appealed unless it includes the grant or denial of an injunction, see § 1292(a)(1); or the district court has certified a controlling issue of law under 28 U.S.C. § 1292(b); or the court has directed entry of a partial final judgment with the determination required by Rule 54(b) of the Federal Rules of Civil Procedure; or the interlocutory order is appealable under the narrow, judicially created "collateral order" doctrine.

Great Rivers Coop. v. Farmland Indus., Inc., 198 F.3d 685, 687-88 (8th Cir. 1999).

Kassuelke does not appeal from a final order as required for jurisdiction under § 1291.  No injunction is at issue to invoke jurisdiction under § 1292(a)(1), and the district court has not certified an issue for appeal pursuant to § 1292(b).  Nor has the court entered a partial final judgment pursuant to Rule 54(b).  The only remaining potential basis for appellate jurisdiction is the collateral order doctrine.

3

To qualify for immediate appeal under the collateral order doctrine, an order must conclusively decide a disputed question that is important and distinct from the case's merits, and the decision must be effectively unreviewable on appeal from a final judgment.  See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949); Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978)).  Here, the district court granted substitution of the government as a defendant pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(1). The Westfall Act, officially named the Federal Employee Liability Reform and Tort Compensation Act of 1988, amended the Federal Tort Claims Act and was designed "to extend immunity to federal employees from liability for tortious conduct occurring within the scope of employment."  Taboas v. Mlynczak, 149 F.3d 576, 578 n.1 (7th Cir. 1998).

Several circuits have held that a denial of a substitution motion is immediately appealable under the collateral order doctrine because it is in essence a denial of qualified immunity for the government employee.  See, e.g., Lyons v. Brown, 158 F.3d 605, 607 (1st Cir. 1998) (noting that denials of qualified immunity are ordinarily subject to immediate appeal and that "qualified immunity in federal civil rights actions and Westfall Act immunity are treated in the same fashion"); Taboas, 149 F.3d at 579 ("A denial of the United States' motion for substitution under the Westfall Act is immediately appealable under the collateral order doctrine."); Rodriguez v. Sarabyn, 129 F.3d 760, 764 (5th Cir. 1997) (noting the court has jurisdiction to review the denial of a certification that a defendant's acts were within the scope of employment under the collateral order doctrine).  The entitlement of immunity from suit, rather than a mere defense to liability for money damages, "is effectively lost if a case is erroneously permitted to go to trial."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Because "the district court's decision is effectively unreviewable on appeal from final judgment," immediate review is necessary.  Id. at 527.

The issue before us, however, is the grant of a substitution motion, not a denial. A grant of qualified immunity does not satisfy the Cohen test for immediate interlocutory appeal because the issue may be effectively appealed after a final judgment--immunity is not lost where it has been granted. See Erickson v. Holloway, 77 F.3d 1078, 1081(8th Cir. 1996). Similarly, a grant of a substitution motion may be effectively appealed after final judgment without the government employee losing any immunity to which he may have been entitled. See Maron v. United States, 126 F.3d 317, 321 n.4 (4th Cir. 1997) (noting that a grant of substitution does not satisfy the Cohen test for interlocutory review under the collateral order doctrine). Thus, the grant of a substitution motion is not immediately appealable prior to final judgment.

III.

Accordingly, we dismiss Kassuelke's appeal for lack of jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

5