Jennifer GILDER, Claimant, Respondent,

v.

AUTO–OWNERS INSURANCE COMPANY, Appellant.

No. C4–02–1466.

Court of Appeals of Minnesota.

April 15, 2003.

---

James D. Jorgensen, Nelson Personal Injury Attorneys, St. Cloud, MN, for respondent.

Thomas E. Emmer, Emmer & Lively, P.A., Maple Plain, MN, for appellant.

Considered and decided by PETERSON, Presiding Judge, HARTEN, Judge, and HUSPENI, Judge.

## OPINION

PETERSON, Judge.

In this appeal from a judgment confirming a no-fault arbitrator's award that awarded respondent insured reimbursement for the cost of a mattress and a box spring, appellant insurer argues that (1) the arbitrator did not have authority to determine whether the no-fault act requires that respondent be reimbursed for the cost of a mattress and box spring, and (2) a mattress and a box spring are not a service or a prosthetic device for which respondent shall be reimbursed under Minn.Stat. § 65B.44, subd. 2(a)(1) (2002). We reverse and vacate the arbitration award.

## FACTS

In June 2000, respondent Jennifer Gilder suffered disc injuries and soft tissue damage as a result of a motor-vehicle accident. Following an examination, respondent's chiropractor prescribed a quality firm mattress, and respondent purchased a mattress and box spring for $2,701.22. Respondent submitted a claim for this amount to her no-fault insurer, appellant Auto–Owners Insurance Company, and appellant denied the claim. Respondent then filed a petition for no-fault arbitration seeking reimbursement for the amount spent to purchase the mattress and box spring.

Appellant moved to stay the arbitration on the grounds that whether the cost of the mattress and a box spring should be reimbursed as a medical expense benefit under Minn.Stat. § 65B.44, subd. 2 (2002), is a legal issue outside the scope of arbitration. The district court denied appellant's motion, and appellant appealed to this court, which dismissed the appeal.

The arbitration proceeded based on a stipulation by the parties that respondent would testify that the mattress and box spring benefited her recovery and gave her relief from her symptoms following the motor-vehicle accident in June 2000. The parties also stipulated that appellant had no evidence tending to contradict or refute respondent's testimony, and the parties provided written submissions that included medical records and other documents.

The arbitrator found that respondent's chiropractor had prescribed a quality firm mattress, and respondent spent $2,701.22 to purchase a mattress and box spring under the prescription. The arbitrator also found that the mattress and box spring benefit respondent's recovery and provide relief from her symptoms and that the mattress and box spring are reasonably and medically necessary. Based on these findings, the arbitrator concluded that under Minn.Stat. § 65B.44, respondent was entitled to reimbursement for the mattress and box spring and awarded respondent $2,701.22.

Appellant brought a motion to vacate the arbitrator's award in district court, arguing that because determining whether the cost of a mattress and box spring is an expense entitled to reimbursement under

the no-fault act requires interpretation and construction of a statute, and arbitrators are limited to deciding factual issues, the arbitrator exceeded his authority by deciding a legal issue. The district court denied the motion to vacate. Pursuant to a stipulation, the parties requested that the district court modify its order denying the motion to vacate to include a confirmation of the arbitrator's award, and the district court issued an order stating that its earlier order confirms the arbitrator's award.

## ISSUES

1. Did the arbitrator have authority to determine whether respondent is entitled to reimbursement for the cost of the mattress and box spring under Minn.Stat. § 65B.44, subd. 2(a)(1)?

2. Is the cost of the mattress and box spring an expense for which respondent shall be reimbursed under Minn.Stat. § 65B.44, subd. 2(a)(1)?

## ANALYSIS

Minn.Stat. § 65B.44, subd. 2(a) (2002), provides:

Medical expense benefits shall reimburse all reasonable expenses for necessary:

(1) medical, surgical, x-ray, optical, dental, chiropractic, and rehabilitative services, including prosthetic devices.

The arbitrator determined that respondent's expenditure for the box spring and mattress should be reimbursed under Minn.Stat. § 65B.44. Appellant argues that determining whether the expenditure should be reimbursed requires an interpretation and construction of the statute, which is a legal issue, and therefore, the arbitrator did not have authority to decide the issue because arbitrators are limited to deciding fact issues.

In *Weaver v. State Farm Ins. Co.*, 609 N.W.2d 878 (Minn.2000), the supreme court recently explained a no-fault arbitrator's jurisdiction to award, suspend, or deny no-fault benefits in the context of an insured that refused to attend an independent medical examination because of nonpayment of a disputed claim. The supreme court stated:

We begin by acknowledging that no-fault arbitrators are limited to deciding questions of fact, leaving the interpretation of law to the courts. *See Johnson v. American Family Mut. Ins. Co.*, 426 N.W.2d 419, 421 (Minn.1988). Arbitration regarding automobile reparations therefore departs from the generally accepted principle that "arbitrators are the final judges of both law and fact." *Id.* (citing *State, by Sundquist v. Minnesota Teamsters Pub. and Law Enforcement Employees Union Local No. 320*, 316 N.W.2d 542, 544 (Minn.1982)). The limitation on the final authority of arbitrators is based on the perceived need for consistency in interpretation of the No-Fault Act. *See id.* at 421.

Nonetheless, we have adopted rules authorizing arbitrators in no-fault cases where the claim is for less than $10,000 to "grant any remedy or relief deemed just and equitable." Rule 32, Rules of Procedure for No-Fault Arbitration; *see also* Minn.Stat. § 65B.525 (1998) (mandating binding arbitration for claims under $10,000). To grant relief, arbitrators must apply the law to the facts they have found. *See, e.g., Great West Cas. Co. v. State Farm Mut. Auto. Ins. Co.*, 590 N.W.2d 675, 677 n. 1 (Minn.App. 1999). That is, as a general proposition, the arbitrator has jurisdiction to award, suspend or deny benefits. To achieve the consistency desired in interpreting the no-fault act, this court and the district court review de novo the arbitrator's legal determinations necessary to

granting relief. *See, e.g.,* [*Neal v. State Farm Mut. Ins. Co.,* 529 N.W.2d 330 (Minn.1995)] at 331.

*Id.* at 882.

The supreme court explained further that

severance of legal and factual issues between court and arbitrator would interfere with the goal of speeding the administration of justice. As litigants dispute the obligations under the [No-Fault] act, it makes little sense to require them to shuttle back and forth between the arbitrator making factual determinations and the court deciding legal questions. Rather, the arbitrator can determine the facts and apply the law to those facts subject to de novo review by the district court.

*Id.* at 884.

■ In other words, when called upon to grant relief, an arbitrator need not refrain from deciding a question simply because it is a legal question. But an arbitrator's decision on a legal question is subject to de novo review by the district court. Applying this reasoning to the present case, we conclude that the arbitrator had authority to determine the facts and apply Minn.Stat. § 65B.44, subd. 2(a)(1), to those facts, but the arbitrator's application of the statute to the facts was subject to de novo review by the district court.

■ Therefore, the second issue before us is whether the arbitrator and, in turn, the district court, erred in determining that under Minn.Stat. § 65B.44, subd. 2(a)(1), appellant must reimburse respondent for the mattress and box spring that respondent's chiropractor prescribed for her. Application of a statute to the undisputed facts of a case involves a question of law, and the district court's decision is not

binding on this court. *O'Malley v. Ulland Bros.,* 549 N.W.2d 889, 892 (Minn.1996). Statutory construction is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn.1998).

Minn.Stat. § 65B.44, subd. 2(a)(1), requires reimbursement for reasonable expenses for necessary "medical, surgical, x-ray, optical, dental, chiropractic, and rehabilitative services, including prosthetic devices." "In construing the statutes of this state, * * * words and phrases are construed * * * according to their common and approved usage." Minn.Stat. § 645.08(1) (2002).

■ The common meaning of "service" is, "Work done for others as an occupation or a business." *The American Heritage Dictionary of the English Language* 1246 (3rd ed.1997). The mattress and box spring do not do any work for respondent, and there is no indication in the record that respondent's chiropractor, or anyone else, uses the mattress and box spring to perform any kind of work for respondent. Consequently, we conclude that the mattress and box spring are not a service.

■ Respondent argues that "prosthetic device," as used in Minn.Stat. § 65B.44, subd. 2(a)(1), should be construed to include a mattress and box spring. But "prosthesis" means, "An artificial device used to replace a missing body part, such as a limb, a tooth, an eye, or a heart valve." *The American Heritage Dictionary of the English Language* 1099 (3rd ed.1997). A prosthetic device is a device that replaces a body part. Respondent's mattress and box spring do not replace a body part. Consequently, we conclude that the mattress and box spring are not a prosthetic device.[1]

1. Respondent argues that in determining the    meaning of Minn.Stat. § 65B.44, subd.

■ We understand the analogy that the arbitrator and the district court saw between a prosthetic device and the mattress and box spring; both provide relief from an injury. But Minn.Stat. § 65B.44, subd. 2(a)(1), does not require reimbursement for any reasonable and necessary expense for an item that provides relief; it requires reimbursement only for reasonable expenses for necessary specifically identified services and prosthetic devices.

## DECISION

The cost of the mattress and box spring is not an expense for which respondent shall be reimbursed under Minn.Stat. § 65B.44, subd. 2(a)(1).

**Reversed and arbitration award vacated.**

2(a)(1), we should examine Minn.Stat. § 297A.25, subd. 3 (2000), and Minn.Stat. § 256.045, subd. 10 (2002). Minn.Stat. § 297A.25, subd. 3, has been repealed and recodified as Minn.Stat. § 297A.67, subd. 7 (2002). 2000 Minn. Laws ch. 418, art. 1, § 45 (repealing statute); 2001 Minn. Laws 1st Spec. Sess. ch. 5, art. 7, § 51 (recodifying statute).

The doctrine of *in pari materia* is an interpretive tool used to determine the meaning of ambiguous statutory language. *State v. McKown*, 475 N.W.2d 63, 67 (Minn.1991). "Statutes 'in pari materia' are those relating to the same person or thing or having a common purpose." *Apple Valley Red–E–Mix,*

*Inc. v. State by Dept. of Pub. Safety*, 352 N.W.2d 402, 404 (Minn.1984). Such statutes should be construed in light of one another. *Id.* Minn.Stat. § 297A.67, subd. 7, relates to sales tax exemptions for medicines and medical devices, and Minn.Stat. § 256.045, subd. 10, relates to payments of monthly assistance or aid or services pending an appeal of an order of the commissioner of human services or the district court. Although these statutes use terms that are also used in the no-fault act, they do not relate to the no-fault act, and they have purposes that are significantly different from the no-fault act. Therefore, the statutes are not *in pari materia* and should not be construed in light of one another.