# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3416

_____

Leroy K. Wheeler,                                    *
                                                     *
                    Appellant,                       *
                                                     *    Appeal from the United States
            v.                                       *    District Court for the
                                                     *    District of North Dakota.
Karen M. Aamodt; S. Michelle                         *
Bredemeier,                                          *    [UNPUBLISHED]
                                                     *
                    Appellees.                       *

_____

Submitted: August 2, 2006
     Filed: August 11, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

North Dakota state prisoner Leroy Wheeler appeals the district court's[1] denial of his "Petition for Panel Rehearing." We dismiss the appeal for lack of jurisdiction.

Wheeler filed a 42 U.S.C. § 1983 complaint against two court reporters, complaining that inaccuracies in transcripts they prepared--of a preliminary hearing in Wheeler's state criminal matter--caused him to be unjustly incarcerated. Upon

_____

[1]The Honorable Ralph Erickson, United States District Judge for the District of North Dakota.

initial review, the magistrate judge[2] issued an order in which she concluded that Wheeler's claim was more properly brought as a habeas petition. She directed the clerk to send Wheeler the appropriate forms, and noted that Wheeler could appeal the magistrate judge's non-dispositive order to the district court. See D.N.D. R. 72.1(E)(3). Wheeler did so, and the district court affirmed the magistrate judge's order. Wheeler then filed a "Petition for Panel Rehearing," which the district court treated as a motion to reconsider, and denied.

Neither the order Wheeler appeals nor the district court's earlier order, affirming the magistrate judge's order, was a final order, an appealable interlocutory order, or appealable under the collateral order doctrine. See 28 U.S.C. § 1291 (courts of appeals shall have jurisdiction of appeals from all final decisions); 28 U.S.C. § 1292 (granting appellate jurisdiction over specified interlocutory orders); Kassuelke v. Alliant Techsystems, Inc., 223 F.3d 929, 931 (8th Cir. 2000) (explaining collateral order doctrine); Union Pac. R.R. Co. v. United Transp. Union, 3 F.3d 255, 258 (8th Cir. 1993) (final decision generally is one which ends litigation on merits and leaves nothing for court to do but execute judgment); Thomas v. Basham, 931 F.2d 521, 522-23 (8th Cir. 1991) (appellate courts have obligation to examine their own jurisdiction and to raise jurisdictional issues sua sponte when there is indication that jurisdiction is lacking).

Accordingly, we dismiss the appeal for lack of jurisdiction. We also deny Wheeler's pending motion for appellate counsel. We note that Wheeler may, of course, appeal any final order subsequently entered with regard to his § 1983 action.

_____

_____

[2]The Honorable Karen K. Klein, United States Magistrate Judge for the District of North Dakota