# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2021

_____

| | | |
|---|---|---|
| Alpine Glass, Inc., | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Illinois Farmers Insurance Company; | * | |
| Mid-Century Insurance Company. | * | |
| | * | |
| Defendants - Appellants. | * | |

_____

Submitted: January 16, 2008
Filed: July 9, 2008

_____

Before WOLLMAN, BRIGHT, and SMITH, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Illinois Farmers Insurance Company and Mid-Century Insurance Company (collectively "Illinois Farmers") appeal from the district court's[1] orders: (1) dismissing their counterclaim for breach of contract and three requests for declaratory relief; and (2) consolidating Alpine Glass, Inc.'s ("Alpine Glass") short-pay claims in a single arbitration under Minnesota's No-Fault Automobile Insurance Act ("No-

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

Fault Act"), Minn. Stat. §§ 65B.41-65B.71. We dismiss this appeal for want of jurisdiction.

Alpine Glass repairs and replaces broken automobile glass. Illinois Farmers provides, among other services, automobile insurance. In this case, Alpine Glass apparently fixed or replaced Illinois Farmers' insureds' automobile glass on more than a thousand occasions. And in every instance, Alpine Glass, after allegedly receiving an assignment from the insured, submitted an invoice to Illinois Farmers to recoup payment for its services. Alpine Glass claims that in every case Illinois Farmers paid less than the amount stated on Alpine Glass's invoice (i.e., short-pays). Alpine Glass filed suit in Minnesota state court to recover the difference. Because Alpine Glass's claims – so called short-pay claims – are subject to mandatory arbitration under the No-Fault Act,[2] Alpine Glass sought a declaration ordering that its claims be consolidated for arbitration. Illinois Farmers subsequently removed this action to federal district court.

Before the district court, Illinois Farmers argued that arbitration was improper in this case because: (1) Alpine Glass lacked standing to proceed as an assignee of Illinois Farmers' insureds by virtue of an anti-assignment clause in its automobile insurance contracts; and (2) Alpine Glass's policy of receiving assignments in exchange for performing glass replacement services violated Minnesota's anti-incentive statute, Minn. Stat. § 325F.783. Separately, Illinois Farmers also sought a declaration from the district court regarding "coverage" (i.e., which of the policy's endorsements applied) and asserted several breach of contract claims.

After briefing and oral argument, the district court granted (in a series of orders) Alpine Glass's motion to consolidate its claims in a single No-Fault Act arbitration,

---

[2]See Ill. Farmers Ins. Co. v. Glass Serv. Co., 683 N.W.2d 792, 800 (Minn. 2004); Minn. Stat. § 65B.525, subdiv. 1.

dismissed (or denied) the majority of Illinois Farmers' legal contentions and "entered judgment." The district court did not address, however, the endorsement issue. This appeal followed.

Following briefing and oral argument to this Court, we sua sponte requested supplemental briefing on whether we properly could exercise jurisdiction either pursuant to 28 U.S.C. § 1291 or under the collateral order doctrine. See Dieser v. Cont'l Cas. Co., 440 F.3d 920, 923 (8th Cir. 2005) ("'[J]urisdiction issues will be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking, even if the parties concede the issue.'") (quoting Thomas v. Basham, 931 F.2d 521, 523 (8th Cir. 1991)). After reviewing the parties' submissions, we conclude that we lack jurisdiction.

Under § 1291, the courts of appeals have jurisdiction over "all final decisions of the district courts of the United States." A district court's order is a "final decision" for the purposes of § 1291 if it "'ends the litigation on the merits and leaves nothing more for the [district] court to do but execute the judgment.'" Green Tree Fin. Corp.-Ala. v. Randolph ("Green Tree"), 531 U.S. 79, 86 (2000) (holding that an order compelling arbitration and dismissing any remaining claims is a "final decision" under § 16(a)(3) of the Federal Arbitration Act) (quoting Catlin v. United States, 324 U.S. 239, 233 (1945)); see also Digital Equip. Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867 (1994); Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978). Illinois Farmers contends that the district court's orders denying its counterclaims and requests for declaratory relief and granting Alpine Glass's motion to compel consolidated arbitration together constitute a "final decision" because they resolved all the issues before the district court and left it with nothing to do but execute a judgment following arbitration. In support of its position, Illinois Farmers relies on cases arising under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., in which courts of appeals have consistently held that a district court's order compelling

arbitration and "dismissing" any remaining claims is a final appealable decision.[3] See, e.g., Skirchak v. Dynamics Research Corp., 508 F.3d 49, 55 (1st Cir. 2007) (holding order compelling arbitration and dismissing claims is final and appealable under 9 U.S.C. § 16(a)(3)) (citing Green Tree, 531 U.S. at 86); Comedy Club, Inc. v. Improv West Assoc., 502 F.3d 1100, 1106 (9th Cir. 2007) (same).  Even though the FAA does not apply to Alpine Glass's arbitration demand, Illinois Farmers contends these cases are nevertheless apposite because the Supreme Court adopted the well-established meaning of "final decision", as understood with respect to § 1291, in defining the term for the purposes of the FAA.  See Green Tree, 531 U.S. at 86 ("Because the FAA does not define 'a final decision with respect to an arbitration' or otherwise suggest that the ordinary meaning of 'final decision' should not apply, we accord the term its well-established meaning.") (citing Evans v. United States, 504 U.S. 255, 259-260 (1992)).  Thus, Illinois Farmers argues, regardless of the statutory basis for a party's arbitration demand, a district court's order compelling arbitration and dismissing any remaining claims is a "final decision" immediately appealable under § 1291.  Although Illinois Farmers correctly reads Green Tree and its progeny, we conclude those cases do not control here.

The critical difference between this case and those Illinois Farmers relies upon is that the district court will have more to do than simply "execute the judgment" following the No-Fault arbitration.  Under the No-Fault Act, "an arbitrator's decision on a legal question is subject to de novo review by the district court." Gilder v. Auto-Owners Ins. Co., 659 N.W.2d 804, 807 (Minn. Ct. App. 2003); see also Weaver v.

---

[3]Illinois Farmers does not suggest that the FAA applies in this case.  And nor could it as the parties did not have a written agreement requiring arbitration.  See 9 U.S.C. § 4 ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a *written agreement* for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.") (emphasis added).

State Farm Ins. Co., 609 N.W.2d 878, 882 (Minn. 2000) ("To achieve the consistency desired in interpreting the [N]o-[F]ault [A]ct, this court and the district court review de novo the arbitrator's legal determinations necessary to granting relief.") (citing Neal v. State Farm Mut. Ins. Co., 529 N.W.2d 330, 331 (Minn. 1995)). And so, the district court will not only have to confirm (or vacate, or modify) any arbitral award, but it will also have to review the arbitrator's legal determinations *de novo*.

In this case, for example, the district court failed to resolve a key legal contention - which of Illinois Farmers' policy's endorsements applied - before compelling arbitration. See, e.g., Ill. Farmers Ins. Co. v. Glass Serv. Co., 683 N.W.2d 792, 799 (Minn. 2004) ("The interpretation of contractual language is an issue of law for the court to decide.") (citing Denelsbeck v. Wells Fargo & Co., 666 N.W.2d 339, 346 (Minn. 2003)).[4] Thus, after the arbitration concludes, if either party (or both) disagree with the arbitrator's decision with respect to this issue, it (or they) can obtain *de novo* review from the district court. Indeed, the district court must review *de novo* not only pure questions of law but the arbitrator's application of the law to the facts. See Gilder, 659 N.W.2d at 807. Because the parties' liabilities may be affected by the district court's *de novo* review of the arbitrator's legal determinations, we conclude that an order compelling mandatory arbitration under the No-Fault Act does not "end[] the litigation *on the merits* and leave[] nothing for the court to do but execute the judgment." Cunningham v. Hamilton County, 527 U.S. 198, 204 (1999) (emphasis added) (citations omitted); see also Maristuen v. Nat'l States Ins. Co., 57 F.3d 673, 678 (8th Cir. 1995) ("A judgment awarding damages but not deciding the amount of

---

[4]We note that there is no *per se* requirement under Minnesota's No-Fault Act that courts resolve any legal issues before ordering arbitration. See Costello v. Aetna Cas. & Surety Co., 472 N.W.2d 324, 326 (Minn. 1991) ("Where the coverage dispute arises on a motion to compel arbitration or to enjoin arbitration, the court *ought* to decide the issue in the first instance.") (emphasis added); Gilder, 659 N.W.2d at 807 ("In other words, when called upon to grant relief, an arbitrator *need not* refrain from deciding a question simply because it is a *legal* question.") (emphasis added).

the damages or finding liability *but not fixing the extent of the liability* [are] not . . . final decision[s] within the meaning of § 1291.") (emphasis added). In short, the district court could not have entered a final judgment in light of its mandatory obligation under Minnesota law to review the arbitrator's legal conclusions *de novo*.

We are, of course, aware of the Supreme Court's observation that the possibility of bringing a "*separate proceeding* [under §§ 9, 10 or 11 of the FAA] in a district court to enter judgment on an arbitration award once it is made (or to vacate or modify it) . . . does not vitiate the finality of [a] [d]istrict [c]ourt's" order compelling arbitration and dismissing the claims before it. <u>Green Tree</u>, 531 U.S. at 86 (emphasis added). The type and degree of "judicial review" available to parties under the FAA differs materially, however, from that which the district court must conduct following the No-Fault arbitration in this case. Under the FAA, a district court may "modify or vacate" an arbitration award on grounds principally relating to egregious conduct by the arbitrator but *unrelated* to the merits. <u>See</u> <u>Hall Street Assoc. v. Mattel, Inc.</u>, 128 S. Ct. 1396, 1404-05 (2008) ("To begin with, even if we assumed §§ 10 and 11 could be supplemented to some extent, it would stretch basic interpretive principles to expand the stated grounds to the point of evidentiary and legal review generally. Sections 10 and 11, after all, address *egregious departures* from the parties' agreed-upon arbitration . . . ; the only ground with any softer focus is 'imperfect[ions],' and a court may correct those only if they go to '[a] matter of form not affecting the merits.' Given this emphasis on *extreme arbitral conduct* . . . then surely a statute with no textual hook for expansion cannot authorize contracting parties to supplement review for *specific instances of outrageous conduct* with review for just any legal error.") (emphasis added, alterations in original).

As such, the FAA, unlike Minnesota's approach to No-Fault arbitration, severely cabins a district court's authority to "modify or vacate" an arbitration award. We therefore understand <u>Green Tree</u> to hold that subsequent intervention by the district court that has no bearing on the merits does not affect the finality of its order

compelling arbitration and dismissing any remaining claims. That is not the case here, however. As we emphasized above, the district court will review *de novo* the arbitrator's legal determinations, and that review necessarily touches upon the merits.[5]

We understand Illinois Farmers' desire to have this Court decide the merits of its appeal. It contends that the district court erred by holding that Alpine Glass had standing to proceed to arbitration. If the district court erred in this regard, Illinois Farmers would likely avoid an unnecessary arbitration proceeding. But if the flip were true – and the district court ruled correctly (we express no view on the merits) – then this appeal did little but delay the inevitable. And no doubt, following arbitration and *de novo* review by the district court, we would again see these parties on appeal. In short, we can never be confident that permitting an appeal from an order compelling arbitration (and dismissing any remaining claims) would conserve judicial resources. Indeed, such a practice might encourage piecemeal appeals – a practice we must be careful to discourage "because [of] the strong bias of § 1291 against [such] appeals." Digital Equip. Corp., 511 U.S. at 872; see also Will v. Hallock, 546 U.S. 345, 349-50 (2006).

---

[5]We recognize that our analysis of the finality of the district court's order compelling arbitration depends largely on the fact that Minnesota law requires district courts to review *de novo* a No-Fault arbitrator's legal determinations. Our decision nevertheless reflects an interpretation of § 1291. We are not considering whether such orders would or would not be immediately appealable under Minnesota law. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 198-99 (1988) (holding in diversity cases, federal – not state – law controls construing whether an order is a "final decision" for appealability purposes under § 1291). Rather, our discussion focuses on whether the district court's decision compelling arbitration in this case ended the litigation on the merits. That determination cannot be made without reference to Minnesota law. Moreover, it should come as no surprise that procedural niceties can affect the appealability of an order compelling arbitration. Under the FAA, for example, the appealability of such orders turns directly on whether a district court "dismisses" or "stays" the litigation. Only in the former case is an order compelling arbitration immediately appealable. See Green Tree, 531 U.S. at 86 n.2.

The district court's decision is also not appealable under the collateral order doctrine. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949) (holding that a small class of decisions are immediately appealable even though the decision did not terminate the litigation before the district court). A district court's decision is immediately appealable as a collateral order if it: (1) conclusively determines a disputed issue; (2) which is an *important* issue completely separate from the merits; and (3) is *effectively unreviewable* on appeal from a final judgment. Digital Equip. Corp., 511 U.S. at 867; Coopers & Lybrand, 437 U.S. at 468; Kassuelke v. Alliant Techsystems, Inc., 223 F.3d 929, 931 (8th Cir. 2000). As a narrow exception to the general rule that a single appeal, taken after the entry of a final judgment, provides a party with a sufficient opportunity to complain of all of the district court's errors, the Supreme Court has described the conditions for satisfying the collateral order doctrine as stringent. See Will, 546 U.S. at 349-50; Digital Equip. Corp., 511 U.S. at 868. Accordingly, "the chance that the litigation at hand might be speeded, or a 'particular injustice' averted by a prompt appellate decision" are, standing alone, insufficient reasons for classifying a district court's decision as an appealable collateral order. Id. (internal citation omitted).

Although the district court conclusively decided each of the issues raised by Illinois Farmers' appeal, we need not decide whether any are "important" because none are "effectively unreviewable" on appeal from a final judgment. Id. at 869. To satisfy this condition, a party, at a minimum must demonstrate that the interest it seeks to vindicate immediately would be "irretrievably lost" if it had to wait to appeal until after a final judgment. See id. at 872 ("[A]nd so the mere identification of some interest that would be 'irretrievably lost' has never sufficed to meet the third *Cohen* requirement.") (citing Lauro Lines s.r.l. v. Chasser, 490 U.S. 495, 499 (1989)).

Illinois Farmers doesn't contend, however, that any of the issues it raises would be "irretrievably lost" if forced to wait to appeal after the entry of a final judgment.

And nor could it. Each of the issues raised by its appeal: (1) whether Alpine Glass has standing to assert the short-pay claims; (2) whether Minnesota's anti-incentive statute proscribes Alpine Glass's practice of receiving assignments in exchange for performing glass repair services; and (3) whether the district court erred by dismissing Illinois Farmers' requests for declaratory relief and breach of contract claim are issues of law that this Court can review *de novo* following a judgment on the merits. Thus, the district court's orders are not appealable under the collateral order doctrine.

For the foregoing reasons, we dismiss the appeal for want of jurisdiction.

_____