# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1873

_____

| | | |
|---|---|---|
| Alpine Glass, Inc., | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Allstate Insurance Company, | * | [PUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: January 16, 2008
Filed: July 9, 2008

_____

Before WOLLMAN, BRIGHT, and SMITH, Circuit Judges.

_____

PER CURIAM.

Allstate Insurance Company ("Allstate") appeals from the district court's[1] order consolidating Alpine Glass's 618 short-pay claims in a single arbitration under Minnesota's No-Fault Automobile Act ("No-Fault Act"). On appeal, Allstate contends that the district court erred by: (1) failing to consider several legal defenses before referring the matter to arbitration; and (2) consolidating all of Alpine Glass's claims in a single arbitration. We dismiss the appeal for want of jurisdiction.

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

Alpine Glass repairs and replaces broken automobile glass. Allstate provides, among other services, automobile insurance. In this case, Alpine Glass apparently fixed or replaced Allstate's insureds' automobile glass on 618 occasions. And in every instance, Alpine Glass, after allegedly receiving an assignment from the insured, submitted an invoice to Allstate to recoup payment for its services. Alpine Glass claims that in every case Allstate paid less than the amount stated on Alpine Glass's invoice (i.e., short-pays). Alpine Glass filed suit in Minnesota state court to recover the difference. Because Alpine Glass's claims – so called short-pay claims – are subject to mandatory arbitration under the No-Fault Act, Alpine Glass sought a declaration ordering arbitration. Allstate subsequently removed this action to federal district court. After briefing and oral argument, the district court granted Alpine Glass's motion to consolidate its claims in a single arbitration. Although the district court never entered judgment, its docket sheet reflects that the case was closed. This appeal followed.

Following briefing and oral argument to this Court, we sua sponte requested supplemental briefing on whether we properly could exercise jurisdiction either pursuant to 28 U.S.C. § 1291 or under the collateral order doctrine. See Dieser v. Cont'l Cas. Co., 440 F.3d 920, 923 (8th Cir. 2005) ("'[J]urisdiction issues will be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking, even if the parties concede the issue.'") (quoting Thomas v. Basham, 931 F.2d 521, 523 (8th Cir. 1991)). After reviewing the parties' submissions, we conclude that we lack jurisdiction.

Under § 1291, the courts of appeals have jurisdiction over "all final decisions of the district courts of the United States." A district court's order is a "final decision" for the purposes of § 1291 if it "'ends the litigation on the merits and leaves nothing more for the [district] court to do but execute the judgment.'" Green Tree Fin. Corp.-Ala. v. Randolph ("Green Tree"), 531 U.S. 79, 86 (2000) (quoting Catlin v. United States, 324 U.S. 239, 233 (1945)); see also Digital Equip. Corp. v. Desktop Direct,

Inc., 511 U.S. 863, 867 (1994); Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978). In this case, the district court did not enter a final judgment after granting Alpine Glass's motion to compel consolidated arbitration.[2] Rather, the district court simply signed Alpine Glass's proposed order in granting its motion. In our view, this does not constitute a final judgment. But assuming that the district court did attempt to enter a final judgment, for the reasons we have explained in Alpine Glass v. Illinois Farmers Ins. Co., No. 07-2021, slip op. at 3-7 (8th Cir., filed contemporaneously July 9, 2008), the order would nevertheless not be a final appealable decision under § 1291.

The district court's decision is also not appealable under the collateral order doctrine. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949) (holding that a small class of decisions are immediately appealable even though the decision did not terminate the litigation before the district court). A district court's decision is immediately appealable as a collateral order if it: (1) conclusively determines a disputed issue; (2) which is an *important* issue completely separate from the merits; and (3) is *effectively unreviewable* on appeal from a final judgment. Digital Equip. Corp., 511 U.S. at 867; Cooper & Lybrand, 437 U.S. at 468; Kassuelke v. Alliant Techsystems, Inc., 223 F.3d 929, 931 (8th Cir. 2000). As a narrow exception to the general rule that a single appeal, taken after the entry of a final judgment, provides a party with sufficient opportunity to complain of all of the district court's errors, the Supreme Court has described the conditions for satisfying the collateral order doctrine as stringent. Digital Equip. Corp., 511 U.S. at 868. Accordingly, "the chance that the litigation at hand might be speeded, or a 'particular injustice' averted by a prompt appellate decision" are, standing alone, insufficient reasons for classifying a district court's decision as an appealable collateral order. Id. (internal citation omitted).

---

[2]Our review of the district court's docket sheet indicates that the case was "closed." But whether this closure reflects an administrative stay or formal entry of judgment is unclear.

Although the district court conclusively decided the principal issue raised by Allstate's appeal, we need not decide whether it is "important" because it is "effectively [reviewable]" on appeal from a final judgment. <u>Id.</u> at 869. To satisfy this condition, a party, at a minimum must demonstrate that the interest it seeks to vindicate immediately would be "irretrievably lost" if it had to wait to appeal until after a final judgment. <u>See</u> <u>id.</u> at 872 ("[A]nd so the mere identification of some interest that would be 'irretrievably lost' has never sufficed to meet the third *Cohen* requirement.") (citing <u>Lauro Lines s.r.l. v. Chasser</u>, 490 U.S. 495, 499 (1989)). Allstate doesn't contend, however, that the issue of consolidation would be "irretrievably lost" if forced to wait to appeal after the entry of a final judgment. And nor could it. The Court can readily review that determination following a judgment on the merits.[3]

For the foregoing reasons, we dismiss the appeal for want of jurisdiction.

---

[3]Even if Allstate could establish that its interest regarding consolidation would be "irretrievably lost" if it had to wait for a final judgment, this interest is not sufficiently important to merit consideration as a collateral order. <u>See</u> <u>Will v. Hallock</u>, 546 U.S. 345, 351-53 (2006); <u>Digital Equip. Corp.</u>, 511 U.S. at 877-78.