# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-3682

_____

| | | |
|---|---|---|
| Alpine Glass, Inc., | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Country Mutual Insurance Company; | * | Appeal from the United States |
| MSI Preferred Insurance Company; | * | District Court for the |
| Mutual Service Casualty Insurance | * | District of Minnesota. |
| Company; Modern Service Insurance | * | |
| Company; Country Preferred | * | |
| Insurance Company; Country | * | |
| Casualty Insurance Company, | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: October 19, 2011
Filed: August 2, 2012

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

MELLOY, Circuit Judge.

Alpine Glass, Inc. (Alpine), appeals the district court's[1] partial denial of Alpine's motion to consolidate 482 short-pay claims for arbitration against Country Mutual Insurance Co. and five of its subsidiaries (collectively, Country). Because the district court's order is neither a final order under 28 U.S.C. § 1291 nor appealable under the collateral order doctrine, we dismiss the appeal for want of jurisdiction.

I.

Under Minnesota's highly-regulated auto-glass-insurance framework, when an insured driver has auto glass work performed, the driver does not pay the auto glass company directly. Instead, the insured assigns his claim against his insurance company to the auto glass company. That company then seeks reimbursement from the insured's insurance company. The formulas that the glass and insurance companies use to determine reimbursement are similar but not identical; the insurance companies typically reimburse the glass companies less than the amount the glass companies demand. In Minnesota, pursuant to the Minnesota No-Fault Automobile Insurance Act, disputes over these "short pays" are subject to mandatory arbitration. Minn. Stat. § 65B.525.

This case concerns 482 such claims by Alpine against Country. Alpine's original complaint, filed in Minnesota state court on November 5, 2009, and naming only Country Mutual Insurance Co. (Country Mutual), sought a declaratory judgment consolidating all 482 claims into one arbitration. Country Mutual removed the case to federal court based on diversity, after which Alpine moved to consolidate the claims for arbitration. Once it became clear that some of the insurance policies had been issued by Country Mutual's subsidiaries rather than by Country Mutual itself,

---

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Alpine filed an amended complaint on January 28, 2010, adding those subsidiaries as named defendants.

Alpine moved for summary judgment on the issue of consolidation, and the district court granted the motion as to some claims but denied it as to others. The claims fell into two categories: those that were based on a policy that included a two-year limitations clause and those that were not. The court consolidated for arbitration the claims not subject to the limitations clause, as well as those claims that, though subject to the clause, had been filed within two years of the filing of the amended complaint. Altogether, the district court consolidated 248 of the claims. As to the remaining 234 claims, the district court ruled that the limitations clause prevented any action upon those policies and therefore the court was without power to consolidate them. Finally, the district court assigned the matter to arbitration for final determination.

Without moving for certification to appeal under 28 U.S.C. § 1292(b), Alpine filed a direct appeal before this court, raising two issues. First, Alpine argued that the district court erred when it denied Alpine's motion to consolidate as to the claims based on policies containing the limitation clause. Second, Alpine argued that the district court erred in basing the two-year period on the date of the filing of the amended complaint, rather than on the date of the filing of the original complaint. Prior to oral argument, we *sua sponte* requested supplemental briefing on this court's jurisdiction to hear Alpine's appeal, specifically in light of Alpine Glass, Inc. v. Illinois Farmers Ins. Co., 531 F.3d 679 (8th Cir. 2008) and Alpine Glass, Inc. v. Allstate Ins. Co., 531 F.3d 685 (8th Cir. 2008).[2]

---

[2] In both cases, this court *sua sponte* requested supplemental briefing on the jurisdictional issue.

II.

Under 28 U.S.C. § 1291, this court has "jurisdiction of appeals from all final decisions of the district courts of the United States." A district court's order is final "if it ends the litigation on the merits and leaves nothing more for the district court to do but execute the judgment." Illinois Farmers, 531 F.3d at 681 (internal quotation and alteration omitted). In Illinois Farmers, we concluded that a district court's order consolidating claims for arbitration was not a final order under § 1291 because, "[u]nder the No-Fault act, an arbitrator's decision on a legal question is subject to de novo review by the district court." Id. at 682 (internal quotation omitted). In that case, as here, "the district court will not only have to confirm (or vacate, or modify) any arbitral award, but it will also have to review the arbitrator's legal determinations *de novo*." Id. Here, because "the district court will have more to do than simply execute the judgment following the No-Fault arbitration," this court lacks jurisdiction under § 1291. Id. (internal quotation omitted).

Alpine contends, however, that this court has jurisdiction under the collateral order doctrine. Whether the collateral order doctrine supports jurisdiction for an appeal from a denial of a summary judgment motion to consolidate claims for arbitration is a question of first impression for this court.

"[B]est understood . . . as a practical construction" of the final judgment rule, Digital Equipment Corp. v. Desktop Direct, Inc., 511 U.S. 863, 867 (1994), the collateral order doctrine applies to "decisions 'which finally determine claims of right separate from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate jurisdiction be deferred until the whole case is adjudicated.'" Midland Asphalt Corp. v. United States, 489 U.S. 794, 798 (1989) (quoting Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949)). Jurisdiction is proper under that doctrine if the order appealed from "(1) conclusively determines a disputed issue; (2) which is an

*important* issue completely separate from the merits; and (3) is *effectively unreviewable* on appeal from a final judgment." Illinois Farmers, 531 F.3d at 684 (citation omitted). This analysis requires a consideration of the importance of the interests that immediate appellate review vindicates: "The crucial question, however, is not whether an interest is important in the abstract; it is whether deferring review until final judgment so imperils the interest as to justify the cost of allowing immediate appeal of the entire class of relevant orders." Mohawk Indus., Inc. v. Carpenter, 130 S.Ct. 599, 606 (2009). Finally, the Supreme Court has repeatedly stressed that this "'narrow' exception should stay that way and never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered." Digital Equip., 511 U.S. at 868 (citing Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 436 (1985)).

In Illinois Farmers and Allstate, we held that we lacked jurisdiction to review a district court's order consolidating claims for arbitration because that order was effectively reviewable following the entry of a final judgment. Thus, in neither case did our holding turn on whether a consolidation order is sufficiently important to merit review under the collateral order doctrine—though we observed in dicta that "[e]ven if Allstate could establish that its interest regarding consolidation would be irretrievably lost if it had to wait for a final judgment, this interest is not sufficiently important to merit consideration as a collateral order." Allstate, 531 F.3d at 688 n.3 (internal quotation omitted); see also Illinois Farmers, 531 F.3d at 685 ("[t]he chance that the litigation at hand might be speeded, or a particular injustice averted by a prompt appellate decision are, standing alone, insufficient reasons" for applying the collateral order doctrine (internal quotation omitted)). In this case, it is unclear whether the district court's order denying consolidation is effectively unreviewable on appeal.[3] We need not address the issue, however, because Alpine's interest in

_____

[3]Alpine stresses that, if the district court's order stands, then Alpine will be forced into piecemeal arbitration of the claims that were not consolidated, thereby

-5-

consolidation here is not "sufficiently important to merit consideration as a collateral order." Id. at 688 n.3.

Alpine argues that, absent appellate review, it is faced with the onerous prospect of slogging through 234 individual arbitrations when, under its view of the law, those arbitrations should have been consolidated into one. But the Supreme Court has made clear that "the avoidance of litigation for its own sake" is insufficient to warrant review under the collateral order doctrine. Will v. Hallock, 546 U.S. 345, 353 (2006). If convenience to the parties alone justified further abrogation of the final judgment rule, then the collateral order doctrine would "swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered." Mohawk Indus., 130 S.Ct. at 605 (internal quotation omitted). An erroneous decision by the trial court always threatens to raise the aggrieved party's litigation costs, yet the Supreme Court has cabined jurisdiction under the collateral order doctrine to cases where "some particular value of a high order was marshaled in support of the interest in avoiding trial." Will, 546 U.S. at 352. We thus "decline[] to find the costs associated with unnecessary litigation to be enough to warrant" jurisdiction under the collateral order doctrine. Lauro Lines s.r.l. v. Chasser, 490 U.S. 495, 499 (1989); see also Digital Equip., 511 U.S. at 872 ("[a]n erroneous district court decision will, as a practical matter, sound the 'death knell' for many plaintiffs' claims that might have gone forward if prompt error correction had been an option. But if immediate appellate review were available every such time, Congress's final decision rule would end up a pretty puny one, and so the mere identification of some interest that would be 'irretrievably lost' has never sufficed to meet the third Cohen requirement.").

rendering the consolidation order unreviewable following final judgment. However, the parties at oral argument were unable to articulate a reason why Alpine could not pursue a single claim to final judgment, which would then allow Alpine to properly place the consolidation issue before this court as an appeal from a final order.

-6-

Further, Alpine's narrow focus on the cost of piecemeal arbitration in this case is misplaced. When determining whether to apply "the blunt, categorical instrument of § 1291 collateral order appeal," Digital Equip., 511 U.S. at 883, "we do not engage in an individualized jurisdictional inquiry. Rather, our focus is on the *entire category* to which a claim belongs." Mohawk Indus., 130 S.Ct. at 605 (emphasis added) (internal quotation omitted). A holding that Alpine may appeal under the collateral order doctrine would therefore apply to all denials of summary judgment motions to consolidate arbitrations—whether those appeals concerned one or one thousand claims. See Digital Equip., 511 U.S. at 876–77. Rather than analyze the specific effect of the ruling on the parties before us, we instead must look to the interests that immediate appellate review would vindicate across this entire class of cases.

Aside from the parties' interests in efficient arbitration—which, as discussed above, does not support collateral order review—the only other interest Alpine identifies is the State of Minnesota's public policy interest in efficiently administered arbitration proceedings in the auto glass industry. While Minnesota's "No-Fault Act and [] Rules of No-Fault Arbitration are silent on the ability of courts to consolidate arbitration proceedings," the Minnesota Supreme Court has determined that one of the No-Fault Act's purposes is to promote efficient resolution of arbitration and litigation. Illinois Farmers Ins. Co. v. Glass Serv. Co., 683 N.W.2d 792, 805–06 (Minn. 2004) (citing Minn. Stat. § 65B.42). Alpine argues that, given the policy in favor of consolidation, this court should find the avoidance of onerous arbitration to be sufficiently important to warrant immediate review. But not every public policy preference can support jurisdiction under the collateral order doctrine; rather, such jurisdiction must rest upon a "substantial public interest or some particular value of a high order." Mohawk Indus., 130 S.Ct. at 605. The interests and values the Supreme Court has found sufficient are weightier than the interest at stake here. See Will, 546 U.S. at 352–53 ("In each case, some particular value of a high order was marshaled in support of the interest in avoiding trial: honoring the separation of powers, preserving the efficiency of government and the initiative of its officials,

respecting a State's dignitary interests, and mitigating the government's advantage over the individual.").  Accordingly, the denial of a motion to consolidate arbitrations does not "imperil a substantial public interest" sufficient to warrant jurisdiction under the collateral order doctrine.  Will, 546 U.S. at 353 ("That is, it is not mere avoidance of a trial, but avoidance of a trial that would imperil a substantial public interest, that counts when asking whether an order is effectively unreviewable if review is to be left until later." (internal quotation omitted)).[4]

Accordingly, we dismiss Alpine's appeal for lack of appellate jurisdiction.

————————————————

[4]We note that, in exceptional circumstances, a party may pursue appellate review without reliance on the collateral order doctrine.  The "safety valves" of interlocutory appeal under 28 U.S.C. § 1292(b), as well as a petition for a writ of mandamus, provide "potential avenues of review apart from collateral order appeal." Mohawk Indus., 130 S.Ct. at 607.