# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2578

_____

Alpine Glass, Inc.

*Plaintiff - Appellant*

v.

Country Mutual Insurance Company; MSI Preferred Insurance Company; Mutual
Service Casualty Insurance Company; Modern Service Insurance Company;
Country Preferred Insurance Company; Country Casualty Insurance Company

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: May 13, 2015
Filed: July 10, 2015

_____

Before RILEY, Chief Judge, MURPHY and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Alpine Glass, Inc., appeals from an order confirming an arbitration award for
one of 482 claims it asserted against several insurance companies.  Because
unresolved claims remain, because Alpine Glass did not obtain certification for an

interlocutory appeal, and because the order below is not a qualifying order pursuant to Fed. R. Civ. P. 54(b), we lack jurisdiction to entertain this appeal.

## I.

As explained in a prior appeal in this matter, Alpine Glass repairs automotive glass in a highly regulated business in Minnesota. See Alpine Glass, Inc. v. Country Mut. Ins. Co., 686 F.3d 874, 876 (8th Cir. 2012). Pursuant to Minnesota law, Alpine Glass receives from insured vehicle owners the right to seek payment from insurance companies for repairs performed. This case involves disputes between Alpine Glass and several insurers regarding the amounts paid for 482 separate claims. Minnesota law mandates arbitration of these disputes. See Minn. Stat. § 65B.525, subd. 1.

Alpine Glass filed suit in state court seeking a declaratory judgment consolidating the 482 claims for one arbitration. Country Mutual Insurance Company removed the case to federal court asserting diversity jurisdiction and a total combined amount in controversy for all claims in excess of the jurisdictional threshold of $75,000. Alpine Glass then filed an amended complaint naming as defendants Country Mutual subsidiaries who had issued several of the underlying policies.

Alpine Glass moved for summary judgment on the issue of consolidation. The district court examined the claims and determined many of the 482 claims were barred by a two-year statute of limitations included in some of the insurance policies. The court determined 248 claims either were not governed by the two-year statute of limitations or, if governed, were timely. The court consolidated these claims for one arbitration and ordered arbitration. The court determined the remaining 234 claims were time-barred.

Alpine Glass appealed the consolidation order to our court, and we dismissed for lack of jurisdiction. We held the consolidation order was not an appealable final judgment. Alpine Glass, Inc., 686 F.3d at 877. We also held we could not reach the

consolidation order pursuant to the collateral order doctrine. Id. at 877–79. In our opinion, we noted a discussion that took place at oral argument:

> Alpine stresses that, if the district court's order stands, then Alpine will be forced into piecemeal arbitration of the claims that were not consolidated, thereby rendering the consolidation order unreviewable following final judgment. However, the parties at oral argument were unable to articulate a reason why Alpine could not pursue a single claim to final judgment, which would then allow Alpine to properly place the consolidation issue before this court as an appeal from a final order.

Id. at 878 n.3.

The parties next pursued arbitration of one claim in which Alpine Glass sought reimbursement for an alleged underpayment of $398.77. Arbitration resulted in a ruling in favor of the insurance company. Alpine Glass then moved the district court to vacate that arbitration award. The district court denied the motion, finding no statutory grounds to support granting the motion. Alpine then filed a motion to confirm the arbitration award. The district court confirmed the award, stating:

> [T]he only reason Alpine Glass brought a Motion to Vacate was its belief that this Court's ruling on the Motion would allow it to appeal the issue to the Eighth Circuit Court of Appeals. Having failed to persuade the Court of the merits of its undisputedly meritless motion, Alpine Glass now asks for the inverse: an order confirming the very award it sought to vacate. Alpine Glass does not explain why it did not initially move to confirm the award if it believes that the award must be confirmed. The Court cannot countenance Alpine Glass's change of position, and will deny Alpine Glass's Motion. . . . However, the Court is bound by statute to confirm the arbitration award, given its previous determination that the award would not be vacated. Thus, although Alpine Glass is estopped from bringing its Motion, the Court must grant the relief Alpine Glass seeks.

Alpine Glass again appeals, arguing: (1) the district court erred in finding the two-year statute of limitations applies to the consolidation complaint; and (2) pursuant to Fed. R. Civ. P. 15(c)(1)(C), the date of the amended complaint should relate back to the original complaint, thus bringing additional claims within the group of consolidated claims even if the statute of limitation applies. The insurers challenge our jurisdiction to entertain this interlocutory appeal.

II.

The district court directed entry of a final judgment on the arbitrated and confirmed claim. Hundreds of claims remain outstanding, however, and Alpine Glass did not seek certification for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) certification, however, is not the only potential vehicle to establish jurisdiction for an interlocutory appeal. Rather, the Federal Rules of Civil Procedure contemplate multi-claim and multi-party situations when such an appeal may be appropriate.

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Here, Alpine Glass did not seek, and the district court did not provide, a certification under Rule 54(b) indicating that the court had "expressly determine[d] that there is no just reason for delay." Id. The requirement for this express

-4-

determination is mandatory in nature. <u>See</u> <u>Mathers v. Wright</u>, 636 F.3d 396, 398 (8th Cir. 2011). Rule 54(b) is to be used sparingly, we are not at liberty to disregard the "no just reason for delay" requirement, and even when such a determination is made, we review for an abuse of discretion. <u>Williams v. Cnty. of Dakota, Neb.</u>, 687 F.3d 1064, 1067 (8th Cir. 2012). Given the 481 outstanding claims and the absence of the required Rule 54(b) finding, we lack jurisdiction over this matter.

Alpine Glass correctly notes that it attempted to follow the procedure suggested by footnote 3 in our prior opinion. Our suggestion, however, cannot create jurisdiction. Further, the footnote merely referenced a discussion from oral argument during which neither counsel immediately recognized any jurisdictional impediment to using a "test claim" as a vehicle for appellate review of the consolidation issue. And, to the extent Alpine Glass urges us to treat the "test claim" as an independent case, we again lack jurisdiction. This matter is in federal court pursuant to diversity jurisdiction. Only by aggregating the claims can the amount in controversy approach the jurisdictional threshold. Because we may not entertain a diversity case involving a mere $398.77, we need not address this theory.

Finally, Alpine Glass requests through a footnote in its reply brief that, if we find jurisdiction lacking, we treat the appeal as a petition for writ of mandamus. We recently discussed the stringent standards associated with such a writ and find no basis for issuing a writ in this case. <u>See</u> <u>In re Union Elec. Co.</u>, No. 14-3276, 2015 WL 3429462 (8th Cir. May 29, 2015).

The appeal is dismissed for lack of jurisdiction.

_____